FILED ___ ENTERED
___ LODGED ___ RECEIVED

JUL 17 2025    MH

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| QUEERDOC, PLLC,<br><br>    *Movant,*<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    *Respondent.* | Case No.: 2:25-MC-00042-JNW<br><br>**GOVERNMENT'S OPPOSITION TO MOTION TO SEAL DOCKET**<br><br>**UNDER SEAL** |

Without meeting the legal standard for sealing even its initial filing (or portions thereof), let alone the complete docket, QueerDoc, PLLC ("QueerDoc") asks to litigate the matter it chose to initiate against the United States entirely in secret. In support for its position, QueerDoc relies on (1) authority regarding grand jury investigations, which is not only inapposite but affirmatively undermines the argument it advances; (2) wholly speculative and vague concerns about "harassment" and "safety" for transgender individuals; and (3) conjectural assertions about a theoretical business impact. All of these arguments fall well short of the "compelling reasons supported by specific factual findings" standard required to seal filings in this circuit. QueerDoc does not identify a source of law that would permit the Court to deprive the American public of its right of access, nor has it specifically identified any privileged, confidential, or sensitive pieces

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 1
2:25-MC-00042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

of information that can overcome the strong presumption against sealing. The Court should deny QueerDoc's motion to allow it to petition the Court behind closed doors.

## ARGUMENT

**I. There are no "compelling reasons supported by specific factual findings" to outweigh the strong presumption in favor of public access**

"In this circuit, the common law rights of access to the courts and judicial records are not taken lightly." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Moreover, the Court of Appeals has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Supreme Court has long justified the public's right of access to proceedings such as this one so that Americans may "keep a watchful eye on the workings of public agencies." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Furthermore, the people's interest in their right of access is heightened when their government is litigating on their behalf; as other Courts of Appeals have pointed out: "The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987); *see also EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (noting that government agency was litigating party and objected to sealing, "strengthens the already strong case for access"); *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation.").

There are two categories of judicial records—a "narrow range of documents"—that have "traditionally been kept secret for important policy reasons ... grand jury transcripts and warrant materials in the midst of a pre-indictment investigation." *Kamakana*, 447 F.3d at 1178 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). This matter involves neither materials associated with a grand jury nor a sealed search warrant. Furthermore, because

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 2
2:25-MC-0042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

the fact of the government's investigation into these medical treatments is already a matter of public knowledge, disclosure of the subpoena's existence poses no risk of "damage to the criminal investigatory process." *Forbes Media LLC v. United States*, 61 F.4th 1072, 1083 (9th Cir. 2023) (finding that government's sealed All Writs Act applications made to assist with surveillance of person subject to arrest warrant should remain sealed due to damage to criminal investigatory process if disclosed (citing *Times Mirror*, 873 F.2d at 1215)). To be sure, the government has several investigative tools at its disposal including warrants and grand jury subpoenas. But here, it chose to use a tool that Congress gave the Attorney General to utilize in the investigation of Federal health care offenses: an administrative subpoena under 18 U.S.C. § 3486.

Because the administrative subpoena at issue here (often called a "HIPAA subpoena" the term comes from the Act of Congress that conferred this subpoena authority) is not within the "narrow range of documents" that are traditionally kept secret, QueerDoc bears the burden of overcoming a "strong presumption in favor of access ... by meeting the 'compelling reasons' standard." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). That standard requires QueerDoc to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* And the Ninth Circuit Court of Appeals has made clear that it is not enough that an unsealed record "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation." *Id.* at 1179. Importantly, in considering whether the articulated facts amount to a compelling reason, a court may not "rely[] on hypothesis or conjecture." *Id.*

This Court's local rules expressly codify the common law's strong presumption of public access to court proceedings. Under this Court's rules, to seal even a single document — let alone every piece of information in the case as a whole — QueerDoc must specify the applicable legal standard (which QueerDoc's motion does not do) and the reasons for keeping a document under seal. *See* Local Civ. R. 5(g)(3)(B). To be clear, QueerDoc's burden is a heavy one. The Court of

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 3
2:25-MC-00042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

Appeals has made clear that compelling reasons to override the public's right of access to judicial records are limited to when "'the court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). None of those considerations are present in this litigation involving a challenge to an administrative subpoena lawfully issued during an investigation of federal health care offenses. Notably, this Court's Criminal Local Rules list thirteen different matters and items that are to be sealed in criminal cases. Local Crim. R. 49.1. Administrative subpoena matters appear nowhere on the list. *Id.* And this Court's rule states that warrant petitions are to be sealed only until the defendant makes an appearance. *Id.*

The reasons QueerDoc proffered in its motion to override the public's right of access fall far short of "compelling." First, the conjectural fear that QueerDoc might lose paying customers if they learn of the subpoena is exactly the sort of concern that the Court of Appeals has stated cannot clear the compelling reason bar. *See Oliner v. Kontrabecki*, 745 F.3d 1024, 1026–27 (9th Cir. 2014) (avoidance of embarrassment or annoyance and prevention of undue burden on professional endeavors "are not compelling" reasons). Moreover, QueerDoc's assertion that patients might withhold medical information out of fear that it could be disclosed in a lawful government investigation rests on speculation, rather than evidence. Courts of this Circuit— including this Court within the last several weeks—have repeatedly made clear that such conjectural harms do not suffice to justify sealing. *See, e.g., Am. Pac. Mortgage Corp. v. Everett Fin. Inc.*, No. 2:21-CV-01088-TMC, 2025 WL 1592262, at *3 (W.D. Wash. June 5, 2025) ("Under *Kamakana*, the burden to show compelling reasons is not met by conclusory assertions; rather, the movant must articulate compelling reasons supported by specific factual findings … conclusory offerings do not rise to the level of compelling reasons sufficiently specific to bar the public access to the documents." (citation modified)); *Empower Clinic Svcs., L.L.C. v. Legitscript L.L.C.*, No. 3:25-CV-00514-AB, 2025 WL 1099105, at *2 (D. Or. Apr. 11, 2025) (denying

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 4
2:25-MC-0042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

motion to seal because claim that business harm would result relied on "'hypothesis or conjecture' and [did] not supply the Court with any factual basis to conclude that there are compelling reasons" to redact).

QueerDoc also claims—again without any specific factual basis—that seeking judicial intervention behind a curtain is necessary to protect not only the safety of its providers and patients, but "the broader transgender community." Mot. at 3. QueerDoc offers no actual "specific factual findings" to back up its claims that public access to the litigation surrounding the validity of this subpoena would somehow subject transgender individuals to "harassment." Such a generalized fear about "safety" and "harassment" is the very definition of conjecture. QueerDoc is already widely known as a provider of gender-related care. It is also widely known that the Attorney General has directed the Department of Justice to investigate potential fraudulent practices in the provision of such care to minors that violate federal law. QueerDoc's papers do not establish that public disclosure of this litigation would itself worsen or increase the risks it already faces. The existence of a governmental investigation into these practices has precious little to do with any harm that flows from QueerDoc's already prominent visibility in this area.

It is important to keep in mind that what is at issue in this motion is not whether personal information of patients or employees will be exposed in this miscellaneous case—they will not—but rather whether the determination as to whether QueerDoc must comply with the subpoena. Moreover, there is nothing in QueerDoc's filings that could reasonably be considered sensitive or confidential. In this context, QueerDoc's concerns about privacy are, at best, exaggerated.

## II.   There is No Legal Basis to Seal the Docket

The statute authorizing the subpoena at issue, 18 U.S.C. § 3486, has numerous privacy-related provisions, none of which authorize sealing the docket or keeping an administrative subpoena secret. Indeed, the statute at issue here generally prohibits the government from disclosing or sharing "health information about an individual" that is obtained via a HIPAA

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 5
2:25-MC-00042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

subpoena and generally prohibits the government from using protected health information about a patient against that patient. 18 U.S.C. § 3486(e). The statute allows the government—but not the subpoena recipient—to seek a nondisclosure order preventing the subpoena recipient from revealing the existence of the subpoena. 18 U.S.C. § 3486(a)(6).

Hence, Congress obviously had privacy on its mind when it enacted the statute and could have provided for administrative subpoenas issued under the statute to remain secret. It did not do so. Similarly, Congress obviously knows how to make similar investigative proceedings secret, such as *qui tam* investigations. *See* 31 U.S.C. §§ 3730(b)(2), (b)(3) (initial 60-day sealing period and government seal extension requests to permit confidential government investigation of allegations). But with HIPAA subpoenas, Congress specifically chose not to do so. Because courts must "presume that [Congress] says in a statute what it means and means in a statute what it says there," *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992), this Court's inquiry should begin and end with the statute.

Indeed, the fact that Congress chose to make grand jury investigations secret cuts against, not in favor of QueerDoc's arguments. Because the courts and Congress have not elected to burnish administrative subpoenas with any secrecy, the generalized awareness that an administrative subpoena has been issued is simply not enough to justify sealing. *See United States v. ISS Marine Svcs., Inc.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012) (unsealing record of administrative subpoena enforcement proceedings and noting that "revealing the fact that [the subpoena recipient] is the subject of some kind of government investigation" is "unavailing" as a reason to seal docket).

Finally, as other district courts (including in this circuit) have recognized, the Judicial Conference of the United States has emphasized in a policy statement on sealed cases that federal courts should seal cases only upon a showing of "extraordinary circumstances" and that "sealing an entire case file is a last resort." *Low v. Bartolotti*, No. 18-00283, 2021 WL 2637318, at *2 (D. Haw. June 25, 2021) (quoting Judicial Conference Policy on Sealed Cases, *available at*

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 6
2:25-MC-00042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

https://www.uscourts.gov/sites/default/files/judicialconferencepolicysealedcivilcases2011.pdf). This case does not meet the Judicial Conference's criteria of extraordinary circumstances necessary for sealing.

## CONCLUSION

For the reasons explained above, the United States respectfully requests that the Court deny QueerDoc's motion to seal in its entirety. The government stands ready and willing to meet and confer with QueerDoc about sealing, redacting, or protecting any protected health information or other information identified in Local Civil Rule 5.2 in any future filings.

RESPECTFULLY SUBMITTED, this 17th day of July, 2025. I certify that this memorandum in opposition contains 2,293 words, in compliance with the Local Civil Rules.

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Consumer Protection Branch

/s/ Ross S. Goldstein
ROSS S. GOLDSTEIN
PATRICK R. RUNKLE
Assistant Directors
SCOTT DAHLQUIST
Trial Attorney

U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
Tel: (202) 353-4218
ross.goldstein@usdoj.gov

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 7
2:25-MC-00042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2025, I served the foregoing Memorandum in Opposition via electronic mail pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure to the following counsel of record, who has consented in writing to electronic service:

Harry H. Schneider, Jr.
David B. Robbins
Shireen Lankarani
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101
hschneider@perkinscoie.com
drobbins@perkinscoie.com
slankarani@perkinscoie.com

Jaclyn Machometa
ARNOLD & PORTER KAYE SCHOLER LLP
500 Boylston Street, 20th Floor
Boston, MA 02116
jaclyn.machometa@arnoldporter.com

Paula R. Ramer
Marcus Asner
Bee Nagle
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
paula.ramer@arnoldporter.com
marcus.asner@arnoldporter.com
bee.nagle@arnoldporter.com

Samuel D. Kleinman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
sam.kleinman@arnoldporter.com

Dated this 17th day of July, 2025.

/s/ Ross S. Goldstein
ROSS S. GOLDSTEIN

GOVERNMENT'S OPPOSITION TO
MOTION TO SEAL DOCKET – p. 8
2:25-MC-00042-JNW

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218