The Honorable Jamal N. Whitehead

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | | |
|---|---|---|
| QueerDoc, PLLC, <br>     Movant, <br><br> v. <br><br> U.S. Department of Justice, <br>     Respondent. | | Case No.: 2:25-MC-00042-JNW <br><br> FILED UNDER SEAL <br><br> GOVERNMENT'S RESPONSE TO QUEERDOC'S MOTION TO QUASH |

The Government recognizes that the investigation concerns potential misconduct undertaken in the context of an ongoing political debate, but that fact does not in any way make the subpoena invalid or unenforceable. Indeed, QueerDoc does not raise a colorable claim that the administrative subpoena in question is procedurally defective, and it does not identify a lawful basis to avoid complying with a valid subpoena. This Court should overrule QueerDoc's meritless objections and enforce the subpoena.

## BACKGROUND

The Government is conducting an investigation into, among other things, whether off-label promotion and/or unlawful dispensing of puberty blockers and cross-sex hormones for use by minors violated federal law, including the Food, Drug, and Cosmetic Act ("FDCA"). Because public or private insurance plans were presented with claims related to off-label use of these

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 1
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

medications, such a violation of the FDCA would constitute a "federal health care offense" as defined by 18 U.S.C. § 24.

QueerDoc acknowledges that it provides gender-related care to minors, including the use of puberty blockers and cross-sex hormones that are one of the foci of the investigation. QueerDoc Memorandum ("Memo.") at 2-3. Puberty blockers are administered off-label for treating gender dysphoria, because they are not authorized by FDA for that use. *United States v. Skrmetti*, 605 U.S. __, 145 S. Ct. 1816, 1841 (June 18, 2025) (Thomas, J., concurring).

The instant subpoena to QueerDoc was duly issued on June 13, 2025, and served on QueerDoc. The return date specified in the subpoena was set as July 9, 2025. QueerDoc has not complied with the subpoena and has filed this motion to quash.

## ARGUMENT

"The scope of judicial review in an administrative subpoena enforcement proceeding is quite narrow." *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113 (9th Cir. 2012).[1] "The critical questions are: (1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc).

The Supreme Court, for its part, has stated that enforcing an administrative subpoena—a creature of statute—should not involve examining the merits of the investigation or looking into the Government's decision to institute such an investigation. *See United States v. Powell*, 379 U.S. 48, 56 (1964) ("There is no intimation in the legislative history that Congress intended the courts to oversee the [Government's] determinations to investigate."). Instead, the Court looks to the language of the statute to see if it should be enforced. *Id.* And as long as "[t]he evidence sought by the subpoena [is] not plainly incompetent or irrelevant to any lawful purpose," it is

---

[1] Internal citations and quotations omitted throughout.

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 2
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

"the duty of the District Court" to enforce the administrative subpoena. *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943).

QueerDoc's motion invites this Court to ignore these well-established and unambiguous precedents because, at base, the subpoena at issue in this matter involves a controversial topic over which there are many high-profile political debates. Conspicuously absent from the controlling precedent above, however, is any suggestion that a district court should quash an administrative subpoena because the underlying conduct involves politically sensitive subject matters or because the subpoena recipient has political disagreements with the Executive Branch.

QueerDoc is correct that gender-related care for minors is an area in which the United States has made strong statements. However, QueerDoc is incorrect that the Executive Branch's position as to gender-related medical treatments for minors provides a legal basis to quash this subpoena. Indeed, while QueerDoc's motion raises a number of issues that sound in public policy, states' rights, and politics, the motion does not meaningfully tie those objections to a statutory basis to quash an administrative subpoena properly issued under 18 U.S.C. § 3486.

I.  **The Subpoena Is Valid and Enforceable**

"We begin, as always, with the text of the statute." *Khatib v. County of Orange*, 639 F.3d 898, 901-902 (9th Cir. 2011). The authorizing statute at issue was passed in 1996 as part of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the text of the statute sets forth a small number of basic requirements for the subpoena to be procedurally valid.

a.  *The Subpoena Was Properly Issued as Part of a Lawful Investigation*

The subpoena was issued in the investigation of FDCA-related federal health care offenses. 18 U.S.C. § 3486(a)(1)(A)(i)(I). It was signed by an Assistant Attorney General of the United States, served on QueerDoc, and it called for the production of nonprivileged documents arguably relevant to the investigation within 500 miles of QueerDoc. 18 U.S.C. § 3486(a)(3).

QueerDoc does not argue that these limited statutory requirements are not met, but instead mischaracterizes the investigation as an improper attempt to end gender-related care for

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 3
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

minors. As an initial matter, while QueerDoc makes much of certain executive orders with respect to gender-related medical treatments on minors, the actual direction from the Attorney General to conduct this investigation is direct and clear: it authorizes only "appropriate" investigations of potential: (i) FDCA violations in relation to "manufacturers and distributors engaged in misbranding by making false claims about the on- or off-label use of" or unlawful "promotion of off-label uses of" certain drugs used in gender-related treatments of minors; and (ii) "false claims submitted to federal health care programs." QueerDoc Ex. 4. The subpoena at issue was served as part of such an "appropriate" investigation, and the statute puts no limits on federal health care offense investigations for which administrative subpoenas are authorized. 18 U.S.C. § 3486(a)(1)(A)(i)(I). Because the subpoena is procedurally proper, this Court should enforce it.

      b. *There Is No Free-Standing "Improper Purpose" Exception*

QueerDoc gets the law on administrative subpoenas entirely backward by suggesting that this Court should undertake a plenary, free-wheeling inquiry into whether this subpoena has been issued for an "improper purpose." Memo. at 6-9. Binding precedent, in contrast, describes this proceeding as "summary in nature" and articulates the "extraordinarily heavy burden" that a subpoena recipient faces in opposing a procedurally proper subpoena. *Solis v. Forever 21, Inc.*, No. 12-09188, 2013 U.S. Dist. LEXIS 64462, *6 (Mar. 7, 2013) (collecting cases).

The Eighth Circuit specifically rejected arguments indistinguishable from QueerDoc's in the context of 18 U.S.C. § 3486 subpoenas and held that there is "no legal authority for requiring the Government to justify its administrative subpoenas by revealing . . . any [] facts revealing the motives behind a lawful investigation." *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 818 (8th Cir. 2012).

In fact, QueerDoc's argument invites this Court to do exactly what all of these courts have said it should not do in an administrative subpoena enforcement matter, which is to litigate the Executive Branch's decision to investigate a matter and adjudicate the merits of a theoretical future enforcement action. In contrast to QueerDoc's suggestions, the Supreme Court has held

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 4
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

repeatedly that enforcement of administrative subpoenas "must not be limited by forecasts of the probable result of the investigation," *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 216 (1946), and that an agency may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not," *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950).

    c. *The Subpoena Was Not Issued for an "Improper Purpose"*

Even if the Court were to examine the subpoena in light of QueerDoc's accusation of a purported "improper purpose," QueerDoc has not met its "extraordinarily heavy burden" to prove that such an improper purpose exists. *United States v. Kis*, 658 F.2d 526, 537 (7th Cir. 1981). The courts that have allowed a limited evaluation of the Government's motivations have described the relevant inquiry as whether the movant has demonstrated that the investigation is being conducted for an undisclosed, nefarious purpose, or whether the subpoena is not actually attempting to obtain evidence in furtherance of an investigation of potential federal offenses. *See Solis v. Forever 21, Inc.*, 2013 U.S. Dist. LEXIS 64462, *19 (C.D. Cal. Mar. 7, 2013) (collecting cases).

QueerDoc has not met the heavy burden imposed by this standard. QueerDoc's political concerns with Executive Branch officials amount to "speculation" and "assertion[s]" that the subpoena is improper, but offer little more.[2] *Id.* Nothing QueerDoc presents alters the fact that the Government is attempting to obtain evidence using a lawful, Congressionally authorized subpoena power. If the subpoena uncovers misconduct in the delivery of gender-related care to minors, and if the Government addresses this misconduct, "this is not an improper use of the

---

[2] Similarly, QueerDoc's request for some sort of discovery into the government's investigation fails under the relevant law, which requires "extraordinary circumstances" to authorize discovery. *United States v. Markwood*, 48 F.3d 969, 982 (6th Cir. 1995). QueerDoc does not mention the extraordinary circumstances test or attempt to meet it, nor does QueerDoc articulate what it hopes to discern from such discovery. "[A]s a general matter, a defendant is not entitled to engage in counter-discovery to find grounds for resisting a subpoena." *Id.* (collecting cases).

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 5
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

subpoena power . . . [r]ather, it is a desired result." *Forever 21, Inc.*, 2013 U.S. Dist. LEXIS 64462, at *19.

Moreover, none of the Government's statements on this topic evince a desire to investigate QueerDoc pretextually *for an undisclosed, nefarious reason* or to take actions against QueerDoc specifically in a manner *inconsistent with the law*—which would be necessary to show "bad faith" under administrative subpoena law.[3] *See United States Immigr. & Customs Enf't v. Gomez*, 445 F. Supp. 3d 1213, 1216 (D. Colo. 2020) (subpoena ordered enforced because recipient did not show that subpoena was "pretext for some unstated, nefarious, legally inappropriate reason"). Rather, the statements reflect the Executive Branch's view that certain conduct in this general area may be illegal, that it should be investigated, and that those who committed crimes should be punished. *See* QueerDoc Ex. 4.

The Executive Branch's interest in ensuring that the provision of certain medications is carried out without running afoul of federal law is entirely unremarkable. Just as federal officials may prioritize scrutinizing the fentanyl distribution chain—many parts of which are legal due to the fact that fentanyl is an FDA-approved medication—to stem opioid overdoses, federal officials may prioritize ensuring that gender-related health care to minors is being delivered in a way that does not violate federal law. Indeed, QueerDoc's argument boils down to a basic non-sequitur: (1) the President wants to use existing federal law to curtail the practice of gender-related medical treatments on minors; (2) this is an improper purpose because QueerDoc believes such treatments should be legal; and (3) the subpoena therefore must have been issued for an improper purpose. Memo. at 12-17. But the Supreme Court recently held that eliminating gender-related pharmaceutical and surgical treatments of minors is a rational governmental purpose that is not improper at all. *Skrmetti*, 145 S. Ct. at 1843-49. If a state government can properly and rationally ban gender-related pharmaceutical and surgical care for minors in its

---

[3] The Supreme Court has cautioned about "reviewing a Presidential directive . . . by reference to extrinsic statements." *Trump v. Hawaii*, 585 U.S. 667, 702 (2018).

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 6
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

entirety without violating the Equal Protection Clause, the Executive Branch is obviously permitted to pursue the same policy goal within the bounds of the law without violating the Equal Protection Clause.

QueerDoc also does not offer the Court a coherent standard by which to judge whether a subpoena is issued for an "improper purpose" on a politically charged topic. QueerDoc obviously believes that its provision of gender-related care for minors is "proper," and so QueerDoc also believes the federal Government's investigations into federal health care offenses related to such practices must *ipso facto* be "improper." But on that circular reasoning, any recipient of a subpoena could obtain quashal by asserting that it acted properly. QueerDoc's standard appears to be that if it disagrees politically with the policy positions of the current administration and engages in conduct related to those policy positions, it should be entitled to quash subpoenas duly authorized by federal law and/or obtain discovery about the investigation. That is not the standard. *See SEC v. McGoff*, 647 F.2d 185, 194 (D.C. Cir. 1981) (holding that an allegation of political targeting by the Carter Administration was not enough to authorize inquiry into the agency's motives in issuing an administrative subpoena).

d. *The Investigation's Basis Is Legitimate*

Even if the Court considers the basis of the investigation, the Court need not look far to assure itself that the investigation is legitimate. As just one data point showing adequate predication for this investigation, Justice Thomas' recent concurrence in *Skrmetti* lays out numerous concerning pieces of evidence suggesting that the *Standards of Care for the Health of Transgender and Gender Diverse People*, Version 8 ("SOC 8"), published by the World Professional Association for Transgender Health ("WPATH") is based "on insufficient evidence and allows politics to influence its medical conclusions." *Skrmetti*, 145 S. Ct. at 1845-49.

Noting "the lack of consensus over the efficacy and ethics of pediatric sex-transition treatments," Justice Thomas detailed how gender-related care for minors in the United States has been littered with potential consumer-protection violations: false statements made to induce

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 7
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

patient and parental consent to off-label drug use and other life-altering procedures; powerful pharmaceuticals casually being given off-label to very young minors, causing lifelong side effects; purported treatment guidelines based on false or insufficient evidence; and other alarming trends that the Executive Branch could reasonably believe deserve exploration. *Id.* Furthermore, much of the data cited by Justice Thomas came to light in *Boe v. Marshall*, 22-cv-184 (M.D. Ala.), where WPATH undertook significant and ultimately unsuccessful efforts to block access to records showing SOC 8's development.[4] QueerDoc does not even mention these issues, let alone seek to explain why the Government is not permitted to investigate them.

Moreover, while QueerDoc is correct that the FDCA does not generally regulate the practice of medicine, federal health care law obviously does proscribe many practices directly related to the practice of medicine, such as: the unlawful dispensing of unapproved drugs, prescription medications, and controlled substances, 21 U.S.C. §§ 331(a), 841; the off-label promotion of prescription medications, 21 U.S.C. § 331(a); the making of false statements in relation to claims to public and private insurance payors, 18 U.S.C. § 1035; fraud on patients and insurance payors, 18 U.S.C. § 1347; and many others. QueerDoc's suggestion that the federal Government does not have a role in ensuring medical practitioners obey federal law while practicing medicine is absurd, as is its attempt to equate the issuance of this subpoena with an unlawful executive attempt to hijack States' rights to regulate the practice of health care.

QueerDoc also argues that Government enforcement in this area will purportedly chill the rights of Washington residents and others to receive gender-related care under state law. The argument is meritless. If persons in Washington committed federal health care offenses while delivering gender-related treatment for minors, federal Government enforcement of federal law

---

[4] For example, in denying an effort by WPATH to keep records of SOC 8's development from being publicly released, the District Court observed that WPATH "touts its guidelines and standards of care for treating transgender children as the product of rigorous science and broad consensus. Given this wide acceptance of what WPATH claims to be reliable evidence, one would think it would be willing and eager to demonstrate as much. It is not." *Boe v. Marshall*, 22-cv-184 (M.D. Ala.), (ECF No, 754, *Memorandum Opinion and Order Granting Time Sensitive Motion for Relief*, June 9, 2025.)

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 8
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

against those persons would be fully consonant with the Supremacy Clause and would not infringe the rights of Washington residents under state law—because they have no right under state law to violate federal law. *CSX Transp., Inc. v. Easterwood*, 507 U.S. 658, 663 (1993) ("Where [state law] conflicts with, or frustrates, federal law, the former must give way."). Moreover, QueerDoc and any other person will be able to raise any colorable defenses they wish in any enforcement action the Government may or may not ultimately bring in this space.

## II.   The Requests Seek Relevant Evidence

QueerDoc next argues that the subpoena is overbroad and burdensome, but does not explain to the Court how the specific requests at issue actually run afoul of the statute or governing law. A request for "all records" in a specific area is broad, but is a typical document request in the fact-finding stage of an investigation and is not obviously overbroad to the extent that the Court could or should limit it. *McGoff*, 647 F.2d at 192–93 ("We agree that the demands are broad. But the nature of the inquiry precludes a trim list of requests."). Indeed, "the measure of relevance used in subpoena enforcement actions is quite broad." *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 624 (11th Cir. 1994); *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989) (an administrative subpoena will survive a relevance challenge so long as it "touches a matter under investigation").

Because QueerDoc is an acknowledged provider of the type of health care services under investigation, the individual requests—which seek records related to the provision of those services—are also valid under the statute. QueerDoc states that some of the requests have "no conceivable connection" to a possible FDCA violation, but offers as an example its billing and coding practices—which of course relate to how its providers billed for medical services to prescribe or deliver, *inter alia*, the pharmaceuticals in question. This easily meets the relaxed standard for relevance in an administrative subpoena enforcement action.

QueerDoc also does not offer the Court any limiting constructions at all, nor has it meaningfully met and conferred with the United States on the scope of the subpoena. If the Court

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 9
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

upholds the subpoena as a legal matter but wishes to consider the breadth of specific requests, the Government respectfully requests an opportunity to meet and confer with QueerDoc counsel to hear their specific concerns about specific requests.

### III. QueerDoc's Privacy Arguments Are Meritless

QueerDoc specifically objects to the Government's requests for records of services provided to patients and identifying information of patients and providers. First, as a legal matter, 18 U.S.C. § 3486 subpoenas are colloquially referred to as "HIPAA subpoenas" not because they are used to investigate HIPAA violations *per se*, but rather because Congress enacted the provision as part of HIPAA specifically to allow the Government to obtain HIPAA-protected health information of patients in health care investigations. It is hard to understand how the Government's request for patient files is improper when the statute at issue was passed in order to allow the Government to obtain these specific items. For much the same reason, QueerDoc's proposed multi-factor test for the Government to obtain medical records via a subpoena is simply inapplicable because it would frustrate both the statutory language and purpose of HIPAA. Congress already struck the appropriate balance in this statute and specifically contemplated the Government obtaining medical records of the type requested here. *In re Subpoena Duces Tecum*, 228 F.3d 341, 351 (4th Cir. 2000) (reversing quashal of § 3486 subpoena and ordering the production of medical records).

As but one example of how QueerDoc's legal arguments are incorrect, QueerDoc cites Judge Posner's decision *Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 929, 933 (7th Cir. 2004), and describes the case as "affirming order quashing HIPAA subpoena as unduly burdensome where it sought reproductive-health records protected by state law." Memo. at 12. But actually reading Judge Posner's decision reveals that: (1) the government sought the records not via a HIPAA subpoena, but via a Fed. R. Civ. P. 45 trial subpoena, to which a different standard applies; (2) Judge Posner specifically rejected the argument that a state-law privilege applied; and (3) Judge Posner actually contemplated in dicta that the government may have been able to

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 10
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

obtain the medical records at issue via a 18 U.S.C. § 3486 subpoena—the exact type of subpoena at issue here. *Ashcroft*, 362 F.3d at 924-925.

Indeed, the Fourth Circuit has already rejected an argument indistinguishable from QueerDoc's argument here and held that the Government's interest in obtaining patient files using a § 3486 subpoena outweighs patient privacy concerns because the disclosure to the Government of patient records is not "meaningfully distinguishable from a host of other unpleasant invasions of privacy that are associated with many facets of health care." *In re Subpoena Duces Tecum*, 228 F.3d at 351.

The Fourth Circuit also held that privacy concerns about patient records were unfounded because this statute already provides privacy protection for patient information. *Id.* ("[The Government's] interest outweighs the privacy rights of those whose records were turned over to the Government, particularly in light of the limitation placed on uses of subpoenaed information by § 3486."). To wit, the statute requires the Government to return records if the investigation does not ripen into an enforcement action. 18 U.S.C. § 3486(a)(8). More relevant to QueerDoc's objections, the statute generally prohibits the Government from using or disclosing "health information about an individual" that is obtained via this subpoena, and it further generally prohibits the Government from using protected health information about a patient against that patient. 18 U.S.C. § 3486(e). Finally, the statute makes people and entities responding to these types of subpoenas immune from civil liability for responding in good faith. 18 U.S.C. § 3486(d).

Patient health information is frequently sought and obtained in federal health care offense investigations—in fact, it is difficult or impossible to investigate the provision of health care services to patients if the Government cannot obtain information about the provision of health care services to patients. QueerDoc's proposed exceptions would completely swallow the rule. Nonetheless, the Government is ready and willing to negotiate with QueerDoc about the scope of these specific requests to attempt to address some of its concerns.

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 11
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

## CONCLUSION

The Government respectfully requests that the Court overrule QueerDoc's objections and compel QueerDoc to comply with the subpoena.

RESPECTFULLY SUBMITTED, this 22nd day of July, 2025. I certify that this memorandum in opposition contains 3,729 words, in compliance with the Local Civil Rules.

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Consumer Protection Branch


/s/ Patrick R. Runkle
ROSS S. GOLDSTEIN
PATRICK R. RUNKLE
Assistant Directors
SCOTT DAHLQUIST
Trial Attorney

U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
Tel: (202) 353-4218
ross.goldstein@usdoj.gov

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 12
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218

# CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2025, I served the foregoing Memorandum in Opposition via electronic mail pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure to the following counsel of record, who has consented in writing to electronic service:

Harry H. Schneider, Jr.
David B. Robbins
Shireen Lankarani
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101
hschneider@perkinscoie.com
drobbins@perkinscoie.com
slankarani@perkinscoie.com

Jaclyn Machometa
ARNOLD & PORTER KAYE SCHOLER LLP
500 Boylston Street, 20th Floor
Boston, MA 02116
jaclyn.machometa@arnoldporter.com

Paula R. Ramer
Marcus Asner
Bee Nagle
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
paula.ramer@arnoldporter.com
marcus.asner@arnoldporter.com
bee.nagle@arnoldporter.com

Samuel D. Kleinman
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
sam.kleinman@arnoldporter.com

Dated this 22nd day of July, 2025.

/s/ Ross S. Goldstein
ROSS S. GOLDSTEIN

GOVERNMENT'S RESPONSE TO
QUEERDOC'S MOTION TO QUASH – p. 13
2:25-MC-00042-JNW
**FILED UNDER SEAL**

United States Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
(202) 353-4218